Citation Nr: 1331585 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 09-21 841 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Calvin Hansen, Attorney at Law


ATTORNEY FOR THE BOARD

C.L. Krasinski, Counsel



INTRODUCTION

The Veteran, who is the appellant, had active duty service from January 1969 to January 1971. Service records show that he was awarded a Purple Heart and Combat Infantryman's Badge. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska.

In a December 2011 decision, the Board denied entitlement to a TDIU. The Veteran filed an appeal of the December 2011 decision with the United States Court of Appeals for Veterans Claims (Court). In August 2012, the Court issued an Order granting a Joint Motion and vacating and remanding the December 2011 Board decision that denied a TDIU on the basis that complete copies of a Social Security Administration (SSA) decision dated in February 2011 and the supporting medical records including a psychiatric evaluation report dated in May 2009 were not of record at the time of the December 2011 Board decision. In August 2012, the Court issued an Order granting a Joint Motion and vacating and remanding the December 2011 decision that denied a TDIU. The Joint Motion agreed that a complete copy of a SSA decision dated in February 2011 was not of record at the time of the December 2011 Board decision. The parties to the Joint Motion for Remand indicated that pages 2, 4, and 6 of the February 2011 SSA decision were missing. 

The parties to the Joint Motion cited to Golz v. Shinseki, 590 F.3d 1317, 1323 (Fed. Cir. 2010), in which the Federal Circuit stated that VA was required to make an effort to obtain records where there exists a reasonable possibility that the records could help a veteran substantiate a claim for benefits. When VA has actual notice of the existence of relevant SSA records, the duty to assist includes requesting those records from the SSA. See also Murincsak v. Derwinski, 2 Vet. App. 363, 370 (1992) (finding VA's duty to assist specifically includes requesting information from other Federal departments). 

This matter was remanded in January 2013 for further development. The RO was instructed to obtain complete copies of the Veteran's SSA records and the most recent VA treatment records. This was accomplished, and the claim was readjudicated in a May 2013 supplemental statement of the case (SSOC). For this reason, the Board concludes that it may proceed with a decision at this time. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (Fed. Cir. 2002).

In evaluating this case, the Board has not only reviewed the Veteran's physical claims file, but has also reviewed the file on the "Virtual VA" system to ensure a complete assessment of the evidence. 


FINDINGS OF FACT

1. The Veteran's service-connected disabilities consist of posttraumatic stress disorder (PTSD), rated at 70 percent disabling; residuals of left arm shrapnel fragment wound (SFW), rated at 20 percent disabling; bilateral tinnitus, rated at 10 percent disabling; and bilateral hearing loss, rated at 0 percent disabling, with a combined disability rating of 80 percent. 

2. The Veteran is not rendered unable to obtain or maintain substantially gainful employment as a result of his service-connected disabilities for any period.


CONCLUSION OF LAW

The criteria for TDIU have not been met for any period. 38 U.S.C.A. §§ 1155, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.340, 3.341, 4.3, 4.15, 4.16, 4.18, 4.19, 4.25 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

Under the Veterans Claims Assistance Act of 2000 (VCAA), codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107 and 5126 (West 2002) and 38 C.F.R. §§ 3.102, 3.156(a), and 3.326(a) (2013), VA has a duty to notify a claimant of any information and evidence needed to substantiate and complete a claim, and of what part of that evidence is to be provided by the claimant, and what part VA will attempt to obtain for the claimant. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1) (2013). 

After having carefully reviewed the record on appeal, the Board has concluded that the notice requirements of VCAA have been satisfied with respect to the issue on appeal. In a February 2009 letter, issued prior to the initial adjudication of the claim, the RO provided notice to the Veteran regarding what information and evidence was needed to substantiate the claim for TDIU, as well as what information and evidence must be submitted by the Veteran, and what information and evidence would be obtained by VA. The letter also requested that the Veteran submit any evidence in his possession that pertained to the claim. The February 2009 letter included notice that a disability rating and an effective date of the award of benefits will be assigned if service connection was awarded. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

The Board also finds that there has been substantial compliance with the assistance provisions set forth in the law and regulations. The record in this case includes VA examination reports, VA treatment records, Social Security Administration records, and lay evidence. In April 2009 and November 2012, the Veteran informed VA that he had no additional evidence or information to submit in support of the claim. The Board finds that the record as it stands includes adequate competent evidence to allow the Board to decide the case, and no further action is necessary. See 38 C.F.R. § 3.159(c) (2013). 

The Veteran underwent adequate VA examinations in 2009 to obtain medical evidence as to the severity of the service-connected disabilities and to obtain evidence as to how the service-connected disabilities impacted the Veteran's ability to obtain and retain substantially gainful employment. These examinations were adequate because each was performed by a medical professional based on either a review of claims file or solicitation of history and symptomatology from the Veteran, and a thorough examination of the Veteran, offered opinions as to how the disability impacted the Veteran's ability to be employed, and provided a rationale for the opinions provided. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4). 

Under the circumstances, the Board finds that there is no reasonable possibility that further assistance would aid the Veteran in substantiating the claim. Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist her in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001). 

TDIU Legal Criteria

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. 38 U.S.C.A. § 1155. Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Total disability may or may not be permanent. 38 C.F.R. § 3.340(a)(1). Total ratings are authorized for any disability or combination of disabilities for which the Rating Schedule prescribes a 100 percent evaluation. 38 C.F.R. § 3.340(a)(2). 

TDIU may be assigned when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. If there is only one such disability, it must be rated at 60 percent or more; if there are two or more disabilities, at least one disability must be rated at 40 percent or more, with sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

For the above purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. 38 C.F.R. § 4.16(a).

The central inquiry is "whether the veteran's service connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to a veteran's level of education, special training, and previous work experience, but advancing age and the impairment caused by non-service-connected disabilities are not for consideration in determining whether such a total disability rating is warranted. See 38 C.F.R. 
§§ 3.341, 4.16, 4.19 (2013); Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). 

Marginal employment, defined as an amount of earned annual income that does not exceed the poverty threshold determined by the United States Department of Commerce, Bureau of the Census, shall not be considered substantially gainful employment. 38 C.F.R. § 4.16(a). Substantially gainful employment is work that is more than marginal, which permits the individual to earn a "living wage." See Moore v. Derwinski, 1 Vet. App. 356 (1991). 

In reaching a determination of TDIU, it is necessary that the record reflect some factor which takes his case outside the norm with respect to a similar level of disability under the rating schedule. 38 C.F.R. §§ 4.1, 4.15 (2013); Van Hoose, 
4 Vet. App. 361. The fact that a claimant is unemployed or has difficulty obtaining employment is not enough. The question is whether or not a veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. See Beaty v. Brown, 6 Vet. App. 532, 538 (1994).

The Board must analyze the credibility and probative value of the evidence, account for the persuasiveness of the evidence, and provide reasons for rejecting any material evidence favorable to the claimant. Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996). With disability compensation claims, VA adjudicators are directed to assess both medical and lay evidence. In addressing lay evidence and determining its probative value, if any, attention is directed to both competency ("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted"). See Layno v. Brown, 6 Vet. App. 465, 469 (1994).

The benefit of the doubt rule provides that a veteran will prevail in a case where the positive evidence is in a relative balance with the negative evidence; therefore, the veteran prevails in his claim when (1) the weight of the evidence supports the claim or (2) when the evidence is in equipoise. It is only when the weight of the evidence is against a claim that the claim must be denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. 

TDIU Analysis

In this case, the Veteran contends that he is unable to secure employment due to his service-connected disabilities. In January 2009, the Veteran reported being unemployed due to the severity of the service-connected disabilities. 

In this case, the Veteran meets the percentage requirements set forth in 38 C.F.R. § 4.16(a) for consideration of a TDIU. The Veteran is service connected for PTSD, rated at 70 percent disabling; residuals of left arm shrapnel fragment wound (SFW), rated at 20 percent disabling; bilateral tinnitus, rated at 10 percent disabling; and bilateral hearing loss, rated at 0 percent disabling. As the service-connected PTSD is rated at 70 percent, and the combined disability rating for all service-connected disabilities is 80 percent, the combined rating percentage criteria for TDIU eligibility are met (at least one disability rated at least 40 percent, with combined rating at least 70 percent). 38 C.F.R. § 4.16(a).

After a review of all the evidence, the Board concludes that the weight of the evidence demonstrates that a TDIU is not warranted for any period. The evidence in favor of the Veteran's claim for TDIU includes the Veteran's multiple statements showing his belief that his employment as a mold maker in January 2009 ended due to his service-connected disabilities. In addition, in a September 2002 private medical opinion, the private examiner opined that the Veteran was not employable, except for the fact that he was working for himself. The private examiner further opined that the Veteran did not relate to others in a way that would be considered advantageous in a competitive setting. In an August 2004 private medical opinion, the private examiner opined that, even though the Veteran was currently employed, his status indicated that he would not be able to sustain gainful employment due to his intense mood impairment, difficulty in establishing and maintaining effective relationships, and ongoing suicidal ideation. 

The evidence weighing against the Veteran's claim for TDIU includes evidence that the Veteran has been gainfully employed until January 2009, and ended this employment for reasons unrelated to his service-connected disabilities. A financial statement from the Veteran's previous employer showed an annual income of $76,123 for 2008. In the September 2002 private medical opinion, the Veteran reported that he worked 10 hours a day at his job and also owned several rental properties. 

At the February 2009 VA PTSD examination, the Veteran reported that he was laid off from his job because of the economy and received a severance package from the company. At the February 2009 VA PTSD examination, the Veteran did not contend that his unemployment was due to the effects of his PTSD. The VA examiner opined that the Veteran's PTSD by itself would not render the Veteran unemployable. The VA examiner reasoned that the Veteran had worked full time for the past 30 years until he took a severance package because the company had to lay off people due to the economy. 

In the February 2009 VA audiology examination report, the VA examiner reported that the Veteran was no longer employed due to an economy-driven layoff in January 2009. The VA examiner opined that the Veteran's hearing loss and tinnitus alone should not significantly affect vocational potential or limit participation in most work activities. 

In the February 2009 VA general examination, the VA examiner reported that the Veteran was laid off in January 2009 due to the economy; the Veteran stated that if he had not been laid off, the SFW in the upper left arm would not have interfered with his ability to perform his job. The VA examiner opined that the Veteran was not functionally prevented from performing his position due to the SFW in the upper left arm prior to being laid off. The VA examiner reasoned that the SFW in the upper left arm had not prevented employment in the position before the Veteran was laid off. 

The record also indicates that the Veteran is receiving Social Security Administration (SSA) disability benefits, but not based on service-connected disabilities. Through his attorney, the Veteran has submitted to the Board a copy of a February 2011 SSA decision, in which the SSA ALJ found that the Veteran was unable to work due to non-service-connected back disorders and found that the Veteran's PTSD and hearing loss were non-severe impairments (impairments that do not interfere more than minimally with the ability to perform basic work-related activities). The SSA decision referred to a May 2009 private psychological evaluation that reported that the Veteran did not have any restriction of activities of daily living due to a mental disorder and a separate May 2009 private psychological evaluation that reported a negative depression screening and no anxiety. Although SSA determinations regarding unemployability and disability are not binding on VA, they may be relevant in disability determinations. Masors v. Derwinski, 2 Vet. App. 181, 188 (1992). In the case, the SSA records show disability for non-service-connected disorders; therefore, the SSA records are not relevant or probative to the Veteran's claim for TDIU. See Golz, 590 F.3d 1317 (indicating VA need only obtain relevant SSA records, which, under 38 U.S.C. § 5103A , are those relating to the injury for which the veteran is seeking VA benefits and have a reasonable possibility of helping to substantiate the claim). 

The weight of lay and medical evidence shows that the Veteran's service-connected disabilities have not rendered him unable to obtain or maintain substantially gainful employment. The evidence of record shows that the Veteran was unable to obtain or retain employment due to the economy and to the non-service-connected low back disability. The September 2002 and August 2004 private opinions were that the Veteran was unemployable due to his service-connected disabilities; however, the evidence of record shows that the Veteran was gainfully employed until January 2009, when he was laid off by his employer, due to the economy. The February 2011 SSA decision found that the Veteran was unable to work due to non-service-connected back disorders rather than service-connected disabilities. For these reasons, the Board finds the September 2002 and August 2004 private opinions to be of little probative value, and far outweighed by the other opinions of record and the fact that the Veteran was in fact substantially gainfully employed during and subsequent to the relevant time he was opined to have been unemployable. See Sklar v. Brown, 5 Vet. App. 140 (1993); Reonal v. Brown, 5 Vet. App. 458 (1993); Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993); Swann v. Brown, 5 Vet. App. 229, 232 (1993). 

The Board finds that the February 2009 VA PTSD examiner's opinion, the February 2009 VA audiologist's opinion, and the February 2009 VA general examiner's opinion are competent and probative medical evidence because they are all based on a factually accurate history. The respective VA examinations assessed and offered opinions regarding the occupational impairment caused by the service-connected disabilities. It appears the VA examiners were informed of the relevant evidence in this case, relied on accurate facts, and gave fully articulated opinions that were supported by a sound reasoning. Prejean v. West, 13 Vet. App. 444, 448-9 (2000); Bloom v. West, 12 Vet. App. 185, 187 (1999); Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998); see also Claiborne v. Nicholson, 19 Vet. App. 181, 186 (2005). 

The Board has weighed and considered the Veteran's statement that his service-connected disabilities have rendered him unable to work; however, the Veteran's own statements regarding the inability to obtain or retain employment due to the economy is strong evidence to the contrary, as are his own inconsistent reports as to how impairing his service-connected disabilities are, and the SSA findings that the Veteran's non-service-connected back disability renders him unemployable. See Beaty, 6 Vet. App. at 538. The determination as to whether a total disability rating is appropriate should not be based solely upon demonstrated difficulty in obtaining employment in one particular field, which could also potentially be due to external bases such as economic factors, but rather to all reasonably available sources of employment under the circumstances. See Ferraro v. Derwinski, 1 Vet. App. 326, 331-332 (1991). Although the Veteran may not be currently employed, the weight of the lay and medical evidence demonstrates that any inability to secure substantially gainful employment is not a result of the service-connected disabilities. The Board finds that the 2009 VA medical assessments and medical opinions, which were based both on an interview of the Veteran and physical observation and examination, outweigh the probative value of the Veteran's assertions made for compensation purposes. 

For these reasons, the Board finds that the weight of the credible evidence demonstrates that the criteria for TDIU have not been met or more nearly approximated for any period. As the preponderance of the evidence is against this claim, the benefit of the doubt rule is not for application, and the Board must deny the claim. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

A TDIU is denied.



____________________________________________
J. Parker
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs